IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES P. HUNTLEY, | ) | C.A. No. 12-122 Erie |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | District Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| ERIE COUNTY COURT OF COMMON | ) | |
| PLEAS, et al., | ) | |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that:
1. Defendant Erie County Court of Common Pleas' motion to dismiss [ECF No. 15] be granted;
2. The State Defendants' motion to dismiss complaint [ECF No. 18] be granted;

It is further recommended that, pursuant to the authority granted to courts by the Prison Litigation Reform Act, Plaintiff's claims against Defendant Erie County Executive/Council be dismissed for Plaintiff's failure to serve in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

**II.   REPORT**

    **A.   Relevant Procedural and Factual History**

On May 21, 2012, Plaintiff James P. Huntley, an inmate incarcerated at the State Correctional Institution at Albion, Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are: Erie County Court of Common Pleas ("Erie County Court"); Erie County Executive/Council; Erie County Contract Jail Albion ("SCI-

Albion"); Inmate General Welfare Fund ("IGWF"); and PA Department of Corrections ("DOC").[1]

According to his complaint, Plaintiff was sentenced in the Court of Common Pleas of Montgomery County, Pennsylvania, on September 9, 1985. Plaintiff claims that the sentence he received exceeded the maximum sentence allowed by statute and was, therefore, illegal. (ECF No. 3, Complaint, at p. 2). Plaintiff claims further that his transfer from SCI-Albion to a jail in Muskegon County, Michigan on February 17, 2010, and his subsequent return to SCI-Albion on May 25, 2011, violated his rights under the fifth, eighth, and fourteenth amendments to the United States Constitution. In particular, Plaintiff alleges that his detention in Muskegon County, Michigan was somehow "determined/deemed" unconstitutional, and "as a result, Erie County Court of Common Pleas, Executive Council and Contract Jail Albion Officials 'use' of IGWF funds to secure detention of Plaintiff in Albion Jail upon 'same' cause of action May 25, 2011 after cancellation/termination 2/17/2010 and determination thereafter is 'fraud' violative of res judicata and Fourteenth Amendment...." (ECF No. 3, Complaint, at p. 5). As relief for his claims, Plaintiff seeks compensatory damages in the amount of $200.00 per day for each day he has allegedly been "detained beyond the termination of sentence," and requests discharge from his allegedly false imprisonment. (Id. at pp. 1, 6).

On August 22, 2012, Defendant Erie County Court filed a motion to dismiss [ECF No. 18] asserting, *inter alia*, that Plaintiff's claims against it are barred by Eleventh Amendment immunity and/or the holding of Heck v. Humphrey, 512 U.S. 477 (1994). Defendants DOC, SCI-Albion, and IGWF (identifying themselves as "State Defendants") filed a motion to dismiss [ECF No. 18] on August 27, 2012, asserting Eleventh Amendment immunity and failure to state a claim upon which relief may be granted. Despite being given ample time to file responses to

---

[1] According to the docket, Defendant Erie County Executive/Council has never been served with the complaint in this matter, nor has any attorney entered an appearance on behalf of said Defendant.

Defendants' motions, Plaintiff has failed to do so. This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead

'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

Recently, the Third Circuit Court prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2.     *Pro Se* **Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P.

4

12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

#### 1. Eleventh Amendment Immunity

Defendants Erie County Court, SCI-Albion and DOC all seek to dismiss Plaintiff's claims based upon Eleventh Amendment immunity.

The Eleventh Amendment proscribes actions in the federal courts against, *inter alia*, states and their agencies. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981)(Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977)(state agencies). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it... a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985), citing Alabama v. Pugh, 438 U.S. 781 (1978).

It is well-settled that courts of common pleas are arms of the Commonwealth of Pennsylvania and are, thus, entitled to the same Eleventh Amendment immunity that the Commonwealth enjoys. See Benn v.First Judicial District, 426 F.3d 233, 241 (3d Cir. 2005) (Pennsylvania has a unified state judicial system so judicial districts (i.e. common pleas courts), being an "integral component" of the system, have Eleventh Amendment immunity). It is equally well-settled that the DOC, which administers all state correctional institutions including SCI-Albion, is an agency or arm of the Commonwealth of Pennsylvania. Thus, the DOC and its respective institutions, including SCI-Albion, are also entitled to the same Eleventh Amendment immunity that the Commonwealth enjoys. See Steele v. Pennsylvania, 2009 WL 614800 at *8 (W.D.Pa. Mar. 6, 2009)(DOC).

No exceptions to Eleventh Amendment immunity are applicable here. The

Commonwealth of Pennsylvania has not consented to be sued, Wilson v. Vaughn, 1996 WL 426538 at *1 n.2 (E.D.Pa. July 30, 1996), nor has Congress expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages. Smith v. Luciani, 1998 WL 151803 at *4 (E.D.Pa. March 31, 1998), aff'd, 178 F.3d 1280 (3d Cir. 1999)(Table).

Accordingly, Plaintiff's claims against Defendants Erie County Court, DOC, and SCI-Albion should be dismissed based upon Eleventh Amendment immunity.

### 2. Excessive Sentence Claim

To the extent Plaintiff is claiming that he was given an "illegal" sentence in excess of the statutory maximum, Plaintiff's claims are barred by the Rooker-Feldman Doctrine.

Under the Rooker-Feldman Doctrine,[2] federal courts are prohibited "from exercising 'subject matter jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional claims that are inextricably intertwined with the state court's [decision] in a judicial proceeding.'" Ernst v. Child and Youth Services of Chester County, 108 F.3d 486, 491 (3d Cir. 1997), cert. denied, 522 U.S. 850, 118 S.Ct. 139 (1997)(quoting FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996))(internal citations omitted). For the Rooker-Feldman Doctrine to be applicable here this Court must either "determine that the state court judgment was erroneously entered" or "take action that would render that judgment ineffectual" in order to grant Plaintiff the relief he requests. Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150 (1923).

Plaintiff claims that his constitutional rights were violated by Defendants' actions in pursuing, enforcing, allowing and/or condoning his alleged wrongful imprisonment. Plaintiff is,

---
[2] This doctrine arises out of the decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983).

in essence, asking this Court to conduct a *de novo* review of all state court proceedings related to his conviction and sentence, in an effort to have the state court judgment expunged and damages assessed. In order to grant such relief, a determination that the state court judgment was erroneous must occur, which would render the state court sentencing decision "ineffectual." This the Court cannot do. Thus, Plaintiff's claims challenging the length of his sentence should be dismissed against Defendant IGWF, and, alternatively, against Defendants Erie County Court, SCI-Albion, and DOC.

### 3. Transfer to Muskegon County Jail

To the extent Plaintiff challenges the constitutionality of his transfer to the Muskegon County Jail on February 17, 2010, it is well-settled that an inmate has no federal liberty interest guaranteeing that he remain in a particular prison, or preventing his transfer to another correctional facility, either within the same state or interstate. Olim v. Wakinekona, 461 U.S. 238, 247 (1983); Beshaw v. Fenton, 635 F.2d 239 (3d Cir.1980), cert. denied, 453 U.S. 912 (1981). "Through the authorization conferred by 18 U.S.C. § 4082, the Attorney General may transfer a prisoner from one place of confinement to any available and appropriate facility." Ingraham v. Federal Bureau of Prisons, 1987 WL 16886 at *1 (E.D.Pa. Sept. 9, 1987). In particular, the Supreme Court in Okim recognized that

> [j]ust as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State....
>
> ... it is neither unreasonable nor unusual for an inmate to serve practically his entire sentence in a State other than the one in which he was convicted and sentenced, or to be transferred to an out-of-state prison after serving a portion of his sentence in his home State. Confinement in another State, unlike confinement in a mental institution, is 'within the normal limits or range of custody which the conviction has authorized the State to impose.'

Okim, 461 U.S. at 245-248.

Since no liberty interest has been invoked, Plaintiff's claims challenging the constitutionality of his transfer to the Muskegon County Jail should be dismissed against Defendant IGWF, and, alternatively, against Defendants SCI-Albion and DOC.

### 4. Transfer Back to SCI-Albion

Plaintiff next challenges the constitutionality of his transfer back to SCI-Albion from the Muskegon County Jail on May 25, 2011. In particular, Plaintiff alleges that his sentence had been terminated as a result of his allegedly "unconstitutional" transfer to Muskegon and that his continued detention at SCI-Albion absent "new" cause was a "fraudulent concealment of intent to detain Plaintiff beyond termination of sentence...." (ECF No. 6, Complaint, at p. 5). First, as this Court has already determined, Plaintiff's transfer to and detention at the Muskegon County Jail was not unconstitutional. Moreover, there is no foundation for Plaintiff's assertion that his sentence was somehow terminated as a result of his transfer to Muskegon. Thus, any claim challenging the constitutionality of Plaintiff's continued confinement at SCI-Albion since May 25, 2011, is essentially challenging the constitutionality of his original sentence and is barred by the Rooker-Feldman doctrine, as previously discussed. Accordingly, any claims relating to Plaintiff's continued confinement at SCI-Albion since May 25, 2011, should be dismissed against Defendant IGWF, and, alternatively, against Defendants Erie County Court, SCI-Albion, and DOC.

### 5. Defendant Erie County Executive/Council

The Prison Litigation Reform Act ("PLRA") provides that:

> (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

8

28 U.S.C.A. § 1915A. Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so. Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997)("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

The PLRA also amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. See 28 U.S.C. §1915(e)(2)[3]. Under this provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by mandatory language. See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."). In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'").

As noted earlier, Defendant Erie County Executive/Council was never served in this case, in contravention of this Court's service orders, and no attorney has entered an appearance

---

[3]

Title 28 U.S.C. §1915(e)(2) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

on said Defendant's behalf.  As a result, Defendant Erie County Executive/Council should be dismissed from this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, as it was not served within 120 days of the date(s) it was named as a Defendant in this case.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that:

1. Defendant Erie County Court of Common Pleas' motion to dismiss [ECF No. 15] be granted; and

2. The State Defendants' motion to dismiss complaint [ECF No. 18] be granted;

It is further recommended that, pursuant to the authority granted to courts by the Prison Litigation Reform Act, Plaintiff's claims against Defendant Erie County Executive/Council be dismissed for Plaintiff's failure to serve in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date:   October 18, 2012

cc:     The Honorable Sean J. McLaughlin
        United States District Judge